UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NANCY XOL RAX, et al.<br><br>　　　Plaintiffs,<br><br>v.<br><br>BIG D BUILDERS, INC., et al.<br><br>　　　Defendants. | Case No.  1:24-cv-00319-BLW<br><br>**DISCOVERY PLAN**<br><br>**PLAINTIFF'S PROPOSED** |

I. <u>Preservation</u>

　　a. **Preservation & Proportionality:** The parties do not anticipate any issues arising in discovery that would result in complications pertaining to preservation of information or application of the proportionality standard in Rule 26(b)(1).

　　b. **Electronically Stored Information (ESI):** Plaintiffs stipulate to Defendants' proposal for ESI (with minor enclosed edits).

　　　　i. **Date Range:** The parties will use good faith diligent efforts to preserve ESI created or received that is reasonably believed to be relevant to the subject matter of this lawsuit and that pertains to the Jackson Jet Center hangar project that is the subject of the Plaintiffs' complaint. Each party's duty to preserve ESI both prior to and after the filing of this Discovery Plan shall be governed by the applicable law of this Court.

　　　　ii. **Scope of Preservation:** The parties agree that reasonable measures will be taken to preserve correspondence, communications, documents comprising project files, and other documents maintained electronically in the ordinary course of the party's business that are reasonably likely to be

        discoverable pertaining to the Jackson Jet Center hanger project that is the subject of Plaintiffs' Complaint. Based on the issues in this case, the parties do not believe at this time that a more extensive ESI preservation protocol is necessary. The parties agreed to certain inspections before and after the hangar collapse, destructive, data capturing and image capturing protocols that are relevant and discoverable and should be considered under this section.

    iii. **Cost Sharing:** The parties agree to bear their own costs for internal preservation of ESI that is reasonably likely to be discoverable.

II. <u>Initial Disclosures</u>

   a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs: **September 27, 2024**
- Defendants: **September 27, 2024**

III. <u>Scope of Discovery</u>

   a. **Scope:** Discovery is necessary on the following subjects/issues: The parties intend to conduct discovery pertaining to the facts and circumstances underlying all aspects of the Plaintiff's Complaint and ongoing allegations, Defendants' anticipated Defenses, the scope of the Defenses, the project planning for and design and construction through collapse and clean-up of the subject hangar, the course of construction, material choices, vendor choices and erection of the subject hangar, the collapse, the clean-up and remediation and all the decisions

made from start of project to end of project as well as facts and opinions pertaining to the collapse of the hangar.

IV. <u>Discovery Boundaries</u>

    a. **<u>Limits:</u>** At this time the parties do not believe it is necessary to impose limits on the form or number of discovery tools beyond those set forth in the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules.

V. <u>ESI</u>

    a. *Checklist:* The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).

    b. *Proportionality*: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:

> • *from more than 15 key custodians;*
>
> • *that was created more than 5 years before the filing of the lawsuit;*
>
> • *from sources that are not reasonably accessible without undue burden or cost; or*
>
> • *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

    c. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

        ☒PDF;

        ☐TIFF;

        ☒Native – but only to the extent a party requests the production in native format and only to the extent the ESI exists in native format and can be provided consistent with the proportionality standard in FRCP 26(b)(1) and the guidelines referenced above; and/or

        ☒Paper - to the extent necessary to reasonably comply with a party's discovery requests if the production cannot otherwise be accomplished in electronic format.

    d. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

        ☒ with logical document breaks;

        ☐ as searchable;

        ☐ with load fields enabling review in common litigation databases such as Summation and Concordance;

        ☐ with metadata, and, if so, in the following fields: _____.

    e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

        ☐Predictive coding (or technology assisted review);

        ☒ Keyword search;

        ☐Other: _____.

    f. **Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: If requested by a party, the identity of persons completing searches, search terms used, if appropriate, and how searches were completed.

VI. **Deadlines**

    a. The deadline for the completion of fact discovery is: As provided for in the Litigation Plan filed contemporaneously with this Discovery Plan.

    b. The deadline for completion of expert witness discovery is: As provided for in the Litigation Plan filed contemporaneously with this Discovery Plan.

VII. Documents Protected from Discovery

    a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

    b. **Post-Accident Communications:** Communications involving trial counsel that post-date the occurrence of the collapse on January 31, 2024, need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

III. Protective Order

-6-

a. If necessary, the parties will agree to the terms of a Protective Order to protect any trade secret, proprietary, or other confidential personal or business information, and will submit a proposed Protective Order to the Court for its approval.

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that Case 1:24-cv-00319-BLW Document 27 Filed 09/24/24 Page 6 of 9-7- the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DATED this **25th** day of August 2024

| | |
|---|---|
| */s/ Enrique Serna* | */s/ Jane C. Gordon* |
| Enrique Serna | Jane Gordon |
| Serna & Associates PLLC | Jane Gordon Law |
| Lead Counsel | Co-Counsel |

Attorneys for Plaintiffs

United States District Court
Northern District of California

CHECKLIST FOR RULE 26(f) MEET AND CONFER
REGARDING ELECTRONICALLY STORED INFORMATION

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

**I. Preservation**

- ☐ The ranges of creation or receipt dates for any ESI to be preserved.
- ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
- ☐ The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, is not discoverable and should not be preserved.
- ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.
- ☐ The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
- ☐ The number of custodians for whom ESI will be preserved.
- ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
- ☐ Any disputes related to scope or manner of preservation.

**II. Liaison**

- ☐ The identity of each party's e-discovery liaison.

**III. Informal Discovery About Location and Types of Systems**

- ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
- ☐ Description of systems in which potentially discoverable information is stored.
- ☐ Location of systems in which potentially discoverable information is stored.
- ☐ How potentially discoverable information is stored.
- ☐ How discoverable information can be collected from systems and media in which it is stored.

**IV. Proportionality and Costs**

- ☐ The amount and nature of the claims being made by either party.
- ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- ☐ The likely benefit of the proposed discovery.
- ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

*Revised December 1, 2015*

- ☐ Limits on the scope of preservation or other cost-saving measures.
- ☐ Whether there is relevant ESI that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

V.  **Search**
- ☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- ☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

VI. **Phasing**
- ☐ Whether it is appropriate to conduct discovery of ESI in phases.
- ☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
- ☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
- ☐ Custodians (by name or role) most likely to have discoverable information and whose ESI
- ☐ will be included in the first phases of document discovery.
- ☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
- ☐ The time period during which discoverable information was most likely to have been created or received.

VII. **Production**
- ☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
- ☐ The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
- ☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
- ☐ The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

VIII. **Privilege**
- ☐ How any production of privileged or work product protected information will be handled.
- ☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
- ☐ Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.