UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NANCY XOL RAX, individually, and on behalf of her minor daughter DS, ZULEYMA R. LOPEZ on behalf of her minor son JS, GLORIA TZI, and PEDRO SONTAY, JUAN SONTAY, and MARTHA SONTAY, as individual heirs of MARIO SONTAY,<br><br>And<br><br>INGRID SUSANA BOTZOC TZI, DOROTEA OCH, EMILIANO COC CHUB, and EMILIANO COC OCH, as individual heirs of MARIANA COC,<br><br>Plaintiffs,<br><br>v.<br><br>STEEL BUILDING SYSTEMS, LLC and INLAND CRANE, INC.,<br><br>Defendants. | Case No.: 1-24-cv-00319-BLW<br><br>**ORDER** |

Before the Court is Defendant Steel Building Systems, LLC's Motion to Strike. Dkt. 149. Steel Building Systems seeks to strike Plaintiffs' Notice of Supplemental Authority. Dkt. 141. For the reasons explained below, the Court will deny the motion but will note Steel Building Systems' objection to the supplemental authority provided by Plaintiffs.

Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). What constitutes a "pleading" is enumerated in Rule 7(a). Plaintiffs' notice is not a pleading under Rule 7(a), and thus the motion is improperly brought under Rule 12(f). *See Sadid v. Idaho State Univ.*, 2012 WL 851502 at *3 (D. Idaho Mar. 12, 2012).

Even so, a district court has the "inherent power to control [its] docket." *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). This includes the power to strike items from its docket as a sanction for litigation conduct. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Local Rule 7.1(d)(2) governs the presentment of supplemental authority. "If relevant and significant legal authorities come to a party's attention after the party's last brief has been filed . . . a party may advise the court by promptly filing and serving a notice of supplemental authority setting forth the citation(s)." Dist. Idaho Loc. Civ. R. 7.1(d)(2). "The notice must state the reasons for the supplemental citation(s), referring . . . to the page(s) of the briefing . . . ." *Id.*

The notice "should be filed only when counsel could not, with due diligence, have been aware of the additional authority at the time the brief was filed." *Id.* A notice is only to inform the Court of a relevant authority—it is not a mechanism to

present additional argument or evidence. *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2022 WL 1422942 at *11 (D. Idaho May 5, 2022) (quoting *B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021)).

On June 2, 2026, Plaintiffs filed a Notice of Supplemental Authority. Dkt. 141. The supplemental authority is the Idaho Supreme Court's decision in *Hartman v. Pocatello Hospital, LLC,* Dkt. No. 52101, filed on June 1, 2026.[1] Plaintiffs, providing the pertinent page numbers to the relevant memoranda, asserted that the *Hartman* decision "[bore] on all Defendants' pending Motions for Summary Judgment [Dkts. 115 & 116] on the issue of proximate causation," because it was "directly relevant to Defendants' argument that Plaintiffs cannot establish proximate causation as a matter of law." Dkt. 141 at ¶¶ 1, 5. Plaintiffs further stated that the *Hartman* decision "reaffirm[ed] two principles directly applicable here[,]" and that the Supreme Court "derived [its holding] from general negligence principles, making it applicable beyond the medical-malpractice context." *Id*. at ¶¶ 2-3.

Steel Building Systems objects because, first, Plaintiffs are attempting to assert a new legal argument, and second, the law contained within the *Hartman*

---

[1] *Hartman v. Pocatello Hosp. LLC*, 592 P.3d 267 (Idaho 2026).

decision was available to Plaintiffs before the filing and full briefing of the Defendants' motions for summary judgment.

The Court declines to strike Plaintiffs' Notice. The distinction between explaining the authority's relevance and advancing a new argument can be addressed more efficiently when the Court resolves the pending motions for summary judgment.

Although *Hartman* reaffirms previously articulated principles, that does not by itself mean that the decision was previously available. Nor does Plaintiffs' explanation of its purported relevance necessarily amount to improper supplemental briefing. The Local Rule requires a party to explain the reason for the supplemental authority and identify the pertinent portions of the existing briefing.

As the District of Arizona noted in the text of one of its orders denying a motion to strike the submission of supplemental authority, "[t]he Court can determine the relevance and weight of supplemental authority without striking filings or inviting additional briefing." *Christensen v. Galliway*, 2026 WL 274658 at *8 (D. Ariz. Feb. 3, 2026).

Declining to strike Plaintiffs' notice does not constitute acceptance by the Court of Plaintiffs' characterization of *Hartman*. The Court denies Steel Building

Systems' motion but will construe it as an objection to consider when evaluating Plaintiffs' arguments.[2]

**ORDER**

For the foregoing reasons, **IT IS ORDERED** that Defendant Steel Building Systems, LLC's Motion to Strike. Dkt. 149 is **DENIED.**

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge

[2] Plaintiffs filed an objection (Dkt. 152) to Inland Crane, Inc.'s Notice of Supplemental Authority (Dkt. 150). The Court will consider that objection in the same manner.